IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| THE CINCINNATI SPECIALTY UNDERWRITERS INSURANCE COMPANY, | § § § § § | |
| Plaintiff, | § § | |
| VS. | § § | Civil Action No. 2:22-cv-00010 |
| | § § | |
| F&H CONSTRUCTION COMPANY, LLC, ANTONIO ALDAVA AND BRENDA DANIELA TREVINO AYALA, INDIVIDUALLY, AND AS HEIRS TO ANDRES ALDAVA, HAMILTON VALLEY MANAGEMENT, INC. | § § § § § § § § | |
| Defendants. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT FOR DECLARATORY RELIEF**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

NOW COMES THE CINCINNATI SPECIALTY UNDERWRITERS INSURANCE COMPANY ("CSU"), Plaintiff in the above-entitled and numbered cause, and petitions this Court pursuant to the FEDERAL DECLARATORY JUDGMENT ACT, 28 U.S.C. §§2201 *et seq.* and Rule 57 of the FEDERAL RULES OF CIVIL PROCEDURE for consideration and a declaration of the parties' respective rights and/or obligations under a commercial general liability insurance policy issued by CSU to F&H Construction Company, LLC ("F&H"), the Named Insured. Specifically, CSU seeks a declaratory judgment with respect to its coverage obligations, if any, to F&H, the named insured, and Hamilton Valley Management, Inc. ("Hamilton"), an additional insured, in connection with a pending state court wrongful death and survival action in which F&H and Hamilton are named defendants ("Underlying Lawsuit"). The Underlying Lawsuit is styled:

Cause No. 21-0198, *Antonio Aldava and Brenda Daniela Trevino Ayala, Individually, and as Heirs to Andres Aldava, v. F&H Construction Company, LLC and Hamilton Valley Management, Inc.*, in the 36th Judicial District of Aransas County, Texas, and it arises out of a construction site accident that took place on March 25, 2020 in Rockport, Texas. In support of PLAINTIFF'S ORIGINAL COMPLAINT FOR DECLARATORY RELIEF, CSU would respectfully show the Court as follows:

## I.
## PARTIES

1. Plaintiff The Cincinnati Specialty Underwriters Insurance Company, (hereinafter "CSU") is a foreign insurance company duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of Ohio, and doing business in the State of Texas. CSU is a citizen of the State of Ohio.

2. Defendant F&H Construction Company, LLC is a Texas limited liability company and a Texas Citizen. Upon information and belief, all members of F&H Construction Company, LLC are citizens of the State of Texas. F&H Construction may be served through its registered agent for service of process, Benjamin Joel Farmer at 209 S. West Street, Burnet TX 78611.

3. Defendant Antonio Aldava ("Antonio") is an individual residing in Harris County, Texas. Upon information and belief, Antonio is a citizen of the State of Texas. Antonio may be served by serving his attorney John M. Padilla from the law firm of Padilla & Rodriguez, L.L.P at 2800 Post Oak Blvd, Suite 4100, Houston, Texas 77056.

4. Defendant Andres Aldava ("Andres") was an individual residing in Harris County, Texas. At the time of his death, Andres was a citizen of the State of Texas. His survivor and heir (daughter), Defendant Brenda Daniela Trevino Ayala ("Ayala") may be served by

serving her attorney John M. Padilla from the law firm of Padilla & Rodriguez, L.L.P at 2800 Post Oak Blvd, Suite 4100, Houston, Texas 77056.

5.      Defendant Ayala is an individual who, upon information and belief, resides in Mexico. Upon information and belief, she is a citizen of the country of Mexico, and is the surviving daughter and heir of Andres. Ayala may be served by serving her attorney John M. Padilla from the law firm of Padilla & Rodriguez, L.L.P at 2800 Post Oak Blvd, Suite 4100, Houston, Texas 77056.

6.      Defendant Hamilton is a Texas corporation and a citizen of the State of Texas. Hamilton may be served through its registered agent for service of process, Dennis Hoover, at 500 E. Polk, Burnet, TX 78611.

## II.
## JURISDICTION AND VENUE

7.      This declaratory judgment action is brought under 28 U.S.C., §§ 2201 *et seq.* and Rule 57 of the FEDERAL RULES OF CIVIL PROCEDURE, for the purpose of determining a question of actual controversy between the parties, as hereinafter more fully set forth. The jurisdiction of this Court is proper under 28 U.S.C. § 1332, based upon the diversity of citizenship between the Plaintiff and Defendants, and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

8.      Venue is properly maintained in this Court pursuant to 28 U.S.C. § 1391(b)–(d), as the judicial district in which a substantial part of the events giving rise to this action for declaratory relief occurred.

## III.
## FACTUAL BACKGROUND AND UNDERLYING LITIGATION

9.      On August 31, 2021, Antonio and Ayala, individually, and as heirs to Andres

("Underlying Plaintiffs") filed "Plaintiff's Original Petition" ("Underlying Petition") in the Underlying Lawsuit against Defendants F&H and Hamilton, alleging personal injuries sustained by Antonio and Andres following an accident that took place on March 25, 2020, while the two were working at the construction site of Saltgrass Landing Apartments located at 1602 South Church St in Rockport, TX ("Project"). A copy of the Underlying Petition is attached hereto as **Exhibit A**. Specifically, the Underlying Petition alleges, in part:

**********

### III. NATURE OF ACTION

3. This is a negligence and gross negligence cause of action. Because of Defendants F&H Construction Company, LLC and Hamilton Valley Management, Inc.'s negligence and gross negligence, Antonio Aldava and Andres Aldava suffered serious personal injuries. Ultimately Andres Aldava died as a result of the injuries he sustained during the incident which forms the basis of this lawsuit.

. . .

### VI. FACTUAL BACKGROUND

11. On or about March 25, 2020, Antonio Aldava and Andres Aldava were working at an apartment complex construction site located at or near 1602 S. Church St., Rockport, Texas 78382 ("the Worksite"). Antonio Aldava and Andres Aldava were attempting to access the upper level of the apartment building. Defendants instructed, or otherwise caused through their control, Antonio and Andres to use a forklift/boom lift (the "Lift") outfitted with a wooden container to access the upper level. Antonio Aldava and Andres Aldava were standing inside the wooden container and were being lifted up by the Lift, when they fell to the ground (the "Incident"). As a result of the Incident, Plaintiff Antonio Aldava and Decedent Andres Aldava suffered serious physical injuries. Decedent Andres Aldava died as a result of his injuries stemming from the Incident.

12. Upon information and belief, Defendants F&H Construction Company, LLC and Hamilton Valley Management, Inc. undertook to control and controlled the work performed on the Worksite at the time of the Incident.

13. Upon further information and belief, the Lift, and the manner of accessing elevations at the worksite, were ultimately under the control of Defendants F&H Construction Company, LLC and Hamilton Valley Management, Inc. at the time of the Incident.

. . .

15. This survival, wrongful death, negligence and gross negligence case is brought pursuant to TEX. CIV. PRAC. & REM. CODE §§ 71.001, *et. seq.,* and 71.021, *et. seq.*, by Plaintiff Brenda Daniela Trevino, the surviving daughter and heir, of Decedent Andres Aldava. Because of Defendants' tortious acts and omissions described herein, Mr. Andres was severely injured and died as a result of the Incident, after a protracted period of pain and suffering that lasted months.

16. Decedent died as a result of Defendants' wrongful conduct as described herein.

17. Decedent would have been entitled to bring this action against Defendants if Decedent had lived.

. . .

17 [sic]. By way of example only, while on the Worksite, Defendants F&H Construction Company, LLC and Hamilton Valley Management, Inc., (1) instructed, or through their control caused, Antonio and Andres to use the Lift to access the upper level of the Apartment Building; (2) provided the Lift, knowing it presented an unreasonable hazard to Antonio and Andres Aldava, as well as others on the Worksite; and (3) failed to provide a safe means of accessing the upper levels of the Apartment Building.

18.[sic] At all relevant times, Defendants F&H Construction Company, LLC and Hamilton Valley Management, Inc. controlled the work performed at the Worksite, the Lift in question, and approved the use of the Lift in the manner it was used. Therefore, Defendants F&H Construction Company, LLC and Hamilton Valley Management, Inc. are liable to Plaintiffs for their negligent act and/or omissions, including but not limited to:

- a. allowing/instructing workers at the Worksite to access the upper levels of the Apartment Building using the Lift.
- b. failing to institute proper and effective safety policies, procedures, and programs for screening, training and supervision;
- c. failing to provide safe equipment and a safe means for accessing the upper levels of the Apartment Building;
- d. failing to supervise and train personnel to properly and safely operate the Lift;
- e. retaining control over safety and failing to reasonably exercise that control;
- f. failing to perform adequate inspections of the Worksite;
- g. failing to enforce policies and procedures so as to prevent unreasonable risk of harm to individuals;

  h. failing to implement and properly enforce safety rules and regulations at the Work Site; and

  i. other acts and omissions to be proven at trial.

**********

**Exhibit A (CSU0001 to CSU0005).**

 10. Based on the above and other allegations, the Underlying Plaintiffs bring claims against F&H and Hamilton for negligence, gross negligence, and negligence *per se*. The Underlying Plaintiffs seek monetary relief over $1,000,000, including compensatory and exemplary damages. Specifically, Antonio seeks damages for past and future pain and suffering, mental anguish, physical impairment, health and medical care expenses, loss of earning capacity, loss of enjoyment of life, as well as bystander damages for witnessing the Accident involving his brother, Andres. Ayala, as heir to the estate of Andres, seeks damages for Andres' pain and suffering, mental anguish, physical impairments, medical expenses, loss of wage-earning capacity, death, funeral and burial expenses. In addition, for herself, Ayala seeks past and future mental anguish, loss of care, maintenance, support, services, advise, counsel and reasonable contributions of a pecuniary value that Andres would have made in reasonable probably had he not been killed, as well as loss of positive benefits flowing from a parent's love, affection, protection, emotional support, services, companionship, care, and society, which Ayala would have received, in reasonable probability, from Andres had he not died.

**IV.**

**<u>INSURANCE PROVISIONS MADE THE BASIS OF THIS ACTION</u>**

 11. CSU issued a Commercial General Liability Policy, policy number **CSU0068338**, to F&H for the period March 23, 2020 to March 23, 2021 (hereinafter referred to as the "CGL Policy"). In addition, CSU also issued a Commercial Excess Policy, policy number

CSU0068340, to F&H for the period March 23, 2020 to March 23, 2021 (hereinafter referred to as the "Excess Policy") (the CGL Policy and the Excess Policy are hereinafter collectively referred to as the "Policies").  A certified, redacted copy of both Policies is attached hereto as **Exhibit B**.

12. Some of the terms and conditions of the CGL Policy having relevance here are as follows:

**********

**SECTION I – COVERAGES**

**COVERAGE A - BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. **Insuring Agreement**

   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or property damage" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.  We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. . . .

      . . .

   b. This insurance applies to "bodily injury" and "property damage" only if:

      (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

      (2) The "bodily injury" or "property damage" occurs during the policy period; and

      . . .

**Exhibit B (CSU0031).**

**********

**SECTION V – DEFINITIONS**

. . .

3. "Bodily injury" means bodily injury, disability, sickness or disease sustained by a

      person, including death resulting from any of these at any time.

4.    "Coverage territory" means:

      a.   The United State of America …

5.    "Employee" include a "leased worker". "Employee" does not include a "temporary worker".

. . .

10.   "Leased worker" means a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm, to perform duties related to the conduct of your business. "Leased worker" does not include a "temporary worker".

. . .

13.   "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

. . .

19.   "Temporary worker" means a person who is furnished to you to substitute for a permanent "employee" on leave or to meet seasonal or short-term workload conditions.

20.   "Volunteer worker" means a person who is not your "employee", and who donates his or her work and acts at the direction of and within the scope of duties determined by you, and is not paid a fee, salary or other compensation by you or anyone else for their work performed for you.

. . .

**Exhibit B (CSU0043 to CSU0046).**

**********

13.   By endorsement **CSGA 402 11 17, CONTRACTORS - CHANGES TO COMMERCIAL GENERAL LIABILITY COVERAGE PART,**[1] the CGL Policy is modified to include the following exclusion,

**********

**EXCLUSION – BODILY INJURY TO CONTRACTORS OR**

---

[1] Endorsement Form **CSGA 402 11 17**

## SUBCONTRACTORS

**A.**   The following exclusion is added to Paragraph **2. Exclusions** of **Section I – Coverage A – Bodily Injury and Property Damage Liability**:

   **2.**   **Exclusions**

   This insurance does not apply to:

   "Bodily injury" to:

   **a.**   Any "contractor" or "subcontractor"; or

   **b.**   Any "employee" of any "contractor" or "subcontractor" when the "bodily injury" arises out of and in the course of employment or performing duties related to the conduct of any insured business of any "contractor" or "subcontractor"; or

   **c.**   The spouse, child, parent, brother or sister of any person identified above as a consequence of Paragraph **a.** or **b.**

   This exclusion applies:

   **(1)**   Whether an insured may be liable as an employer or in any other capacity; and

   **(2)**   To any obligation to share damages with or repay someone else who must pay damages because of the injury, including any obligation to pay damages by reason of the assumption of liability in an "insured contract" or agreement.

**B.**   The following definitions are added and apply with respect to this endorsement.

"Contractor" and/or "Subcontractor" means a person, company or organization who agrees in any oral or written contract or agreement with any person or organization to undertake to perform work; to perform a service; or to complete a job.

"Employee" under this endorsement means any person who is hired for a wage, salary, fee or payment to perform work. "Employee" includes any leased worker or temporary worker, loaned worker, "volunteer worker", 1099 worker, "casual worker" or day laborer.

"Casual worker" means a person, other than a person furnished by a labor union, which acts at the direction of and within the scope of duties determined by any insured, and for whom any party does not withhold federal income taxes or pay federal unemployment tax.

\*\*\*\*\*\*\*\*\*\*

**Exhibit B (CSU0053 to CSU0054).**

14. Some of the terms and conditions of the Excess Policy having relevance here are as follows:

\*\*\*\*\*\*\*\*\*\*

### COMMERCIAL EXCESS LIABILITY COVERAGE FORM

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy or under "controlling underlying insurance". The words "we", "us" and "our" refer to the company providing this insurance. The word "insured" means any person or organization qualifying as such under the "controlling underlying insurance".

Other words and phrases that appear in quotation marks in this Coverage Part have special meaning. Refer to Section **IV** - Definitions. Other words and phrases that are not defined under this Coverage Part but defined in the "controlling underlying insurance" will have the meaning described in the policy of "controlling underlying insurance".

The insurance provided under this Coverage Part will follow the same provisions, exclusions and limitations that are contained in the applicable "controlling underlying insurance", unless otherwise directed by this insurance. To the extent such provisions differ or conflict, the provisions of this Coverage Part will apply. However, the coverage provided under this Coverage Part will not be broader than that provided by the applicable "controlling underlying insurance".

There may be more than one "controlling underlying insurance" listed in the Declarations and provisions in those policies conflict, and which are not superseded by the provisions of this Coverage Part. In such a case, the provisions, exclusions and limitations of the "controlling underlying insurance" applicable to the particular "event" for which a claim is made or suit is brought will apply.

**SECTION I - COVERAGES**

1. **Insuring Agreement**

    a. We will pay on behalf of the insured, except as stated in this Coverage Part, those sums in excess of the "retained limit" any insured becomes legally obligated to pay as damages to which insurance provided under this Coverage Part applies.

    b. The amount we will pay for "loss" is limited as described in Section **II** -

        Limits Of Insurance.

    **c.**    This insurance applies to damages that are subject to an applicable "retained limit". If any other limit, such as, a sublimit, is specified in the "controlling underlying insurance", this insurance does not apply to damages arising out of that exposure unless that limit is specified in the Declarations under the Schedule of "controlling underlying insurance".

    **d.**    If the "controlling underlying insurance" requires, for a particular claim, that the injury or damages occur during its policy period in order for that coverage to apply, then this insurance will only apply to that injury or damages if it occurs during the policy period of this Coverage Part. If the "controlling underlying insurance" requires that the "event" causing the particular damage takes place during its policy period in order for that coverage to apply, then this insurance will apply to the claim only if the "event" causing that damage takes place during the policy period of this Coverage Part.

**2.**    **Exclusions**

The following exclusions, and any other exclusions added by endorsement, apply to this Coverage Part. The exclusions applicable to any "controlling underlying insurance" apply to this insurance unless superseded by the following exclusions, or superseded by any other exclusions added by endorsement to this Coverage Part.

. . .

**SECTION IV – DEFINITIONS**

Except as otherwise defined in this Coverage Part or in any endorsement to this Coverage Part, the definition of terms and phrases contained in this Coverage Part and any endorsements will be the same as those terms and phases are defined in the "controlling underlying insurance".

**1.**    "Controlling underlying insurance" means any policy of insurance or self-insurance listed as such in our Schedule of Controlling Underlying Insurance.

**2.**    "Controlling underlying insurer" means any insurer who provides any policy of insurance listed as such in our Schedule of Controlling Underlying Insurance.

**3.**    "Event" means an occurrence, offense, accident, act, error or omission, or other event to which the applicable "controlling underlying insurance" applies.

**4.**    "Loss" means the total sum, after reduction for recoveries, or salvages collectible, that the insured becomes legally obligated to pay as damages by reason of:

    **a.**    Settlements, judgments, binding arbitration; or

    **b.**    Other binding alternate dispute resolution proceeding entered into with

our consent.

"Loss" includes defense expenses if the "controlling underlying insurance" specifies that limits are reduced by defense expenses.

5. "Retained limit" means the available limits of "controlling underlying insurance" applicable to the claim.

. . .

**********

**Exhibit B (CSU0124 to CSU0129).**

15. By endorsement **CSC 315 11 18, EXCLUSION- BODILY INJURY TO CONTRACTORS OR SUBCONTRACTORS,**[2] the Excess Policy is modified to include the following exclusion,

**********

### EXCLUSION – BODILY INJURY TO CONTRACTORS OR SUBCONTRACTORS

This endorsement modifies insurance provided under the following:

A. The following exclusion is added to Paragraph **2. Exclusions** of **Section I – Coverages:**

Insurance provided by this Coverage Part does not apply to any claim or suit for damage or loss caused by or arising out of injury to:

1. Any "contractor" or "subcontractor"; or

2. Any "employee" of any "contractor" or "subcontractor" arising out of and in the course of employment or performing duties related to the conduct of any insured business or the business of any "contractor" or "subcontractor"; or

3. The spouse, child, parent, brother or sister of any person identified above as a consequence of Paragraph **1.** or **2.**

This exclusion applies:

(1) Whether an insured may be liable as an employer or in any other capacity; and

---

[2] Endorsement Form **CSGA 402 11 17**

  **(2)** To any obligation to share damages with or repay someone else who must pay damages because of the injury, including any obligation to pay damages by reason of the assumption of liability in any oral or written contract or agreement.

 **B.** The following definitions are added and apply with respect to this endorsement:

  **1.** "Employee" means any person who is hired for a wage, salary, fee or other form of payment to perform work. "Employee" includes any leased worker or temporary worker, loaned worker, "volunteer worker", 1099 worker, "casual worker" or day laborer.

  **2.** "Casual worker" means a person, other than a person furnished to you by a labor union, which acts at the direction of and within the scope of duties determined by any party, and for whom any party, or labor leasing firm acting on behalf of any insured, does not withhold federal income taxes or pay federal unemployment tax.

  **3.** "Contractor" and/or "Subcontractor" means a person, company or organization who agrees in any oral or written contract or agreement with any person or organization to undertake to perform work; perform a service; or to complete a job.

  **4.** "Volunteer worker" means a person who donates his or her work and acts at the direction of an within the scope of duties determined by any part, and is not paid a fee, salary or other compensation by any party for their work performed.

**********

**Exhibit B (CSU0131).**

## V.
## F&H'S TENDER TO CSU

16. On September 27, 2021, F&H tendered the Underlying Lawsuit to CSU for defense and indemnity. CSU is currently defending F&H in the Underlying Lawsuit under reservation of rights.

## VI.
## BASIS FOR DECLARATORY RELIEF

17. CSU seeks a declaration from the Court that it owes no duty to defend or duty to indemnify F&H or Hamilton for the damages being sought and that may be awarded against F&H and Hamilton in the Underlying Lawsuit, based on a strict eight corners analysis, because the Bodily Injury to Contractors' or Subcontractors' Exclusion contained in the CGL Policy applies to preclude CSU's duty to defend and duty (if any) to indemnify F&H and Hamilton in the Underlying Lawsuit. More specifically, the Underlying Petition clearly alleges that both Antonio and Andres were "working at an apartment complex construction site" when they suffered the alleged injuries, and that F&H and Hamilton had control of the job site at the time of the accident. **Exhibit A (CSU0003).** The Bodily Injury to Contractors or Subcontractors Exclusion under the CGL Policy precludes coverage for injury to any "contractor" or "subcontractor" or any "employee" of a "contractor" or "subcontractor." **Exhibit B (CSU0053).** Given the broad definitions of the terms "contractor," "subcontractor," and "employee" in the CGL Policy, Andres and Antonio fall squarely within at least one of the three definitions and, therefore, under a strict eight-corners analysis, the Bodily Injury to Contractors or Subcontractors Exclusion applies to preclude CSU's duty to defend F&H and Hamilton in the Underlying Lawsuit. CSU, therefore, seeks a declaration that it does not have a duty to defend F&H and Hamilton in the Underlying Lawsuit. Moreover, because the same reasons that negate CSU's duty to defend F&H and Hamilton in the Underlying Lawsuit also negate CSU's duty to indemnify F&H and Hamilton in the Underlying Lawsuit, and because facts cannot be alleged or developed in the Underlying Lawsuit that would trigger a duty to defend or indemnify, CSU also seeks a declaration that it owes no duty to indemnify F&H and Hamilton for any damages that may be awarded against F&H and/or Hamilton in the Underlying Lawsuit.

18.     CSU also seeks a declaration from the Court that it owes no duty to indemnify F&H and Hamilton under the Excess Policy for the damages that may be awarded against F&H and Hamilton in the Underlying Lawsuit.  More specifically, the Excess Policy follows form to the CGL Policy, and any exclusion applicable under the CGL Policy is also applicable under the Excess Policy.  **Exhibit B (CSU0124)**.  In addition, the Excess Policy is modified to include a Bodily Injury to Contractors or Subcontractors exclusion substantially similar to the Bodily Injury to Contractors or Subcontractors Exclusion under the CGL Policy.  **Exhibit B (CSU0131)**.  As such, for the same reasons discussed above with respect to the CGL Policy, CSU does not have a duty to indemnify F&H or Hamilton for any damages that may be awarded against F&H and Hamilton in the Lawsuit.

## VII.
## ATTORNEY'S FEES

19.     CSU has been required to retain legal counsel to represent it and to prosecute the above-captioned action for declaratory judgment.  CSU is entitled to its reasonable and necessary attorneys' fees, pursuant to 28 U.S.C. § 2202.

## VIII.
## CONCLUSION

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff Cincinnati Specialty Underwriters Insurance Company prays for judgment as follows:

(1)     a judgment declaring that the CGL and Excess Policies provide no coverage for the damages being sought against F&H and Hamilton in the Underlying Lawsuit, including no duty to defend F&H and Hamilton in the Underlying Lawsuit and no duty to indemnify F&H and Hamilton if there is ultimately a judgment entered against F&H and/or Hamilton in the Underlying Lawsuit;

(2)     a judgment declaring CSU has no contractual or extra-contractual obligations to F&H and Hamilton with regard to the Underlying Lawsuit;

(3)　a judgment against F&H and Hamilton for CSU's costs of court and all necessary and reasonable attorneys' fees; and

(4)　a judgment for such other and further relief, general or specific, legal or equitable, to which CSU may show itself to be justly entitled.

Respectfully submitted,

COX P.L.L.C.

By:　/s/ Jennifer Kelley
JENNIFER KELLEY
"Attorney In-Charge"
State Bar No. 24058695
jkelley@coxpllc.com
MARIAM SHAKIR
State Bar No. 24108826
mshakir@coxpllc.com
8144 Walnut Hill Ln, STE 1090
Dallas, TX 75231
(469) 928-0090
(817) 422-7096
(469) 340-1884 fax

ATTORNEYS FOR PLAINTIFF
THE CINCINNATI SPECIALTY
UNDERWRITERS INSURANCE COMPANY